# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLON GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-9005** |
| **UNITED STATES OF AMERICA** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is the United States of America's Motion to Dismiss (Doc. 5). For the following reasons, the Motion is GRANTED.

## BACKGROUND

On July 23, 2018, Plaintiff Marlon Green filed a *pro se* suit in the First City Court of New Orleans against Fernando Rivera, the Medical Center Director at the Southeast Louisiana Veterans Health Care System ("SLVHC"). Plaintiff's Complaint states in its entirety:

> In their individual capacity, I sue for abusing the grievence[sic] process, false statements, false implementation of HIPPA, Privacy Act, Patient Rights Leak without permission, has on illegal restrictions, racism, tampering with retirement, and unemployment benefits, tries to put people in mental conceling[sic]

when they apply for housing benefits, very biased and privacy officer responsible for crimes against own race[.]

On the basis of this Complaint, the United States of America inferred that Plaintiff intended to sue Rivera for actions taken while Rivera was engaged in his federal employment. Acting on behalf of Fernando Rivera, the United States of America then removed the action to this Court asserting jurisdiction under 28 U.S.C. § 1442(a)(1). The United States of America, on behalf of Rivera and the SLVHC, now moves to dismiss Plaintiff's case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed an opposition to Defendant's Motion.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint is completely devoid of factual allegations, and instead, lists only conclusory allegations and laws under which he brings suit. Even viewing this Complaint in the light most favorable to Plaintiff and in considering his status as a *pro se* litigant, his Complaint fails to state a claim.

"[U]nless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice."[9] Prior to Defendant's Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend his Complaint.[10] The magistrate judge denied Plaintiff's request to amend his pleading because the proposed pleading contained no allegations that were specifically directed to the sole named Defendant, Fernando Rivera. Accordingly, Plaintiff was already given a chance to amend his pleading and again failed to state a claim. Further attempts to amend would be futile.

---

[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] Buc-ee's, Ltd. v. Bucks, Inc., 262 F.Supp.3d 453, 467 (S.D. Tex. 2017).
[10] Doc. 4.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, Plaintiff's case is DISMISSED.

New Orleans, Louisiana this 5rd day of February, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**